**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRICK R. MALLORY-BEY,

        Plaintiff,         Case Number: 07-CV-14374

v.         JUDGE PAUL D. BORMAN
        UNITED STATES DISTRICT COURT

NOVASTAR MORTGAGE, INC.,

        Defendant.
_____ /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's October 14, 2007, Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b) and 41(b). (Doc. No. 23). In light of the briefing, the Court discerns no reason for oral argument. *See* E.D. Mich. L.R. 7.1(e)(2). For the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

**I.    BACKGROUND**

At a state eviction hearing held in May 2007, the 36th District Court in Detroit, Michigan, entered a Judgment of Possession, granting Defendant Novastar Mortgage, Inc. ("Defendant") possession of the property commonly known as 16933 Chandler Park Drive (the "Property"). (Def.'s Br. Ex. 5). Plaintiff Derrick Mallory-Bey ("Plaintiff") appealed the ruling to the Wayne County Circuit Court. On September 28, 2007, the Wayne County Circuit Court dismissed Plaintiff's appeal, stating that it was "vexatious," and awarded Defendant $2,000.00 in attorney fees. (Def.'s Br. Ex. 5).

On October 15, 2007, Plaintiff, proceeding *pro se*, filed a complaint in this Court against

Defendant. Plaintiff's complaint, in its entirety, provides as follows: "USC Title 18 Sec 241, 242 Trespassing on federally patented land and overdue notice and demand for payment of land usage fees." (Pl.'s Compl.).

This Court dismissed the case on March 3, 2008. On June 17, 2008, the Court granted Plaintiff's Motion to Reopen Case. On August 8, 2008, Defendant filed a Motion for a More Definite Statement and on August 12, 2008, the motion was referred to Magistrate Judge Virginia Morgan. On August 28, 2008, Magistrate Judge Morgan issued an order granting Defendant's motion and instructing Plaintiff to follow the requirements of Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 10 when filing his complaint, which was due by September 28, 2008. Plaintiff filed a Memorandum in Support of Verified Complaint for Judicial Review of Real Title & Ownership for Possession (Superior to Bill in Equity) on September 18, 2008. On October 14, 2008, Defendant filed a Motion to Dismiss, which is presently before the Court.

## II. ANALYSIS

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965

(2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1974). A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

### B. Claims Asserted Under 18 U.S.C. §§ 241 and 242

Plaintiff's Complaint asserts claims under 18 U.S.C. §§ 241 and 242. Sections 241 and 242, however, are federal criminal statutes. Because federal criminal statutes do not create private rights of action unless Congress expressly so provides, there is no private civil right of action under either section 241 or 242. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *see also Bybee v. Pirtle*, No. 96-5077, 1996 U.S. App. LEXIS 27277 at *3, (6th Cir. Oct. 16, 1996). As such, Plaintiff lacks standing to initiate criminal charges against defendant. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619, (1973). Accordingly, Plaintiff has failed to state a claim for which relief may be granted with respect to his claims asserted under 18 U.S.C. §§ 241 and 242.

### C. Other Claims Asserted

In response to Magistrate Judge Morgan's August 28, 2008 order, Plaintiff filed a twenty-six page Memorandum in Support of Verified Complaint for Judicial Review of Real Title & Ownership for Possession (Superior to Bill in Equity) ("Memorandum"). The Memorandum does not attempt to explain Plaintiff's claims under sections 241 and 242, as required by Magistrate Judge Morgan's

order.  In fact, the Memorandum does not even mention sections 241 and 242.  Instead, Plaintiff utilizes the Memorandum, and his response to Defendant's Motion to Dismiss, to make vague, unsubstantiated, and meritless claims through the citation of various Michigan statutes, legal dictionary definitions, and state and federal case law.   Nowhere throughout these pleadings does Plaintiff come to close to articulating any federal cause of action against Defendant.

"[W]hile there is authority for the proposition that *pleadings* submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed  for inartful draftsmanship[,] . . . there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law."  *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983) (internal citation omitted).  In the present action, Plaintiff's Complaint is dismissed not because the Court construed his pleadings narrowly, but rather because he has failed to state a claim upon which relief can be granted.

## III. CONCLUSION

Accordingly, the Court **DISMISSES** this action pursuant to Fed. R. Civ. P. 12(b)(6).

 **SO ORDERED**.

               s/Paul D. Borman  
               PAUL D. BORMAN  
               UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 12, 2008.

               s/Denise Goodine  
               Case Manager